UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JASMINE GRACE-LOUISE EDWARDS,

                                        Plaintiff,

                                                                5:18-cv-1286
v.                                                              (GLS/TWD)

ROBERT SIMPSON, DANIELLE SZABO,

                                        Defendants.
_____

APPEARANCES:

JASMINE GRACE-LOUISE EDWARDS
Plaintiff, *pro se*
505 State Street
Syracuse, New York 13202


**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge


## ORDER AND REPORT-RECOMMENDATION

The Clerk has sent to the Court for initial review a complaint, together with an

application to proceed *in forma pauperis* ("IFP Application"), filed by *pro se* Plaintiff Jasmine

Grace-Louise Edwards against Defendants Robert Simpson and Danielle Szabo, alleged to be the

President and Director of Programing, respectively, of 115 West Fayette Street, Syracuse, New

York.[1]  (Dkt. Nos, 1, 2.)

---

[1]  According to a publically available website, http://www.centerstateceo.com/about-us/staff-
directory (last visited Nov. 26, 2018), Robert Simpson is the President & Chief Executive
Officer of CenterState Corporation for Economic Opportunity, also known as CenterState CEO,
located at 115 West Fayette Street, Syracuse, New York.  Danielle Szabo is listed as the Director
of Programming, Work Train.  *Id.*  CenterState CEO is registered as a domestic not-for-profit
corporation.  *See* https://www.dos.ny.gov/corps/bus_entity_search.html (last visited Nov. 26,
2018).

## I. IFP APPLICATION

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2006). After reviewing Plaintiff's IFP Application (Dkt. No. 2), the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's IFP Application (Dkt. No. 2) is granted.

## II. INITIAL SCREENING

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g.*, *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Similarly, allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (citation and internal quotation marks omitted). An opportunity to amend is not required

where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

III.    **COMPLAINT**

The claims raised by Plaintiff in this action are difficult to discern.  Plaintiff claims Danielle Szabo "neglected to inform to fellow employee the level of relatableness of being authority of her employers establishment."[2]  (Dkt. No. 1 at 1.[3])  On December 6, 2016, Danielle Szabo "witnessed a department employee assert to Plaintiff that she would be released from Danielle Szabo's Department Organization's training on false claims."  *Id*. at 1-2.  During a December 6, 2016, meeting Danielle Szabo told Plaintiff "the claims of the employee about it being his program was false and states that she was the actual employee of the organization offering the training."  *Id*. at 2.  Danielle Szabo was a witness when Plaintiff "spoke with the director of student services of her fellow employee when it was discussed and advised that Plaintiff continue with training and receive a completion certification and to have the right to meet with potential employers for an interview."  *Id*.  Plaintiff further states Danielle Szabo "is unaware that after following the directions of the director of student services [she] was still harassed by Defendant Danielle Szabo's co-worker."  *Id*. at 2-3.

Plaintiff thus "decided to inform CenterState CEO employees of the mishaps being pertaining to the expertise of the organizations development ownership."  *Id*. at 3.  According to Plaintiff she "was seeking for Defendant Danielle Szabo and employment members to take

---

[2]  All text quoted from Plaintiff's complaint is unaltered unless otherwise indicated.

[3]  Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

reasonable responsibility and ownership to help determine what [she] should do as a client who was following a profession for labor." *Id.*

In March 2017, Danielle Szabo contacted an organization Plaintiff was "involved in stating that she and Defendant Robert Simpson wanted to inform them of [her] behavior, claiming that Plaintiff was sending in emails and letters harassing employers about a training [she] was not a selected candidate for." *Id.* at 3. Danielle Szabo "also mentioned that [Plaintiff's] behavior was harassing and erratic, and that it was recommended by Defendant Robert Simpson to contact JobsPlus and inform them of [her] behavior about showing up for paid training when she was not selected." *Id.* at 3-4. Plaintiff "reviewed her completion certificate and further noticed errors on her achievement process certificate." *Id.* at 4. Copies of the certificate are attached as exhibits to the complaint. *Id.* at 6, 8-9. She also attaches "case notes" from JobPlus, which references a telephone call received from Danielle Szabo on March 7, 2017. *Id.* at 6, 8-11.[4]

Plaintiff alleges "Defendant Robert Simpson unreasonable efforts to invaid [Plaintiff's] privacy violated [her] to equality." *Id.* Plaintiff contends "Defendants Robert Simpson and Danielle Szabo method of group libel violated federal laws." *Id.* Plaintiff claims Danielle Szabo's "unreasonable efforts to slander Plaintiff Jasmine Edwards equal right to education is made by false statements." *Id.* She alleges Danielle Szabo violated her "moral rights." *Id.* She argues Defendants "without justification prevented Plaintiff Jasmine Edwards with the continuance of the program, depriving Plaintiff of liberty and freedom and ownership." *Id.*

---

[4] The Court takes judicial notice that Plaintiff also attached the "case notes" as an exhibit to a complaint filed October 11, 2018, in the Northern District of New York entitled *Jasmine Grace-Louise Edwards v. Conte, et. al.*, Dkt. No. 5:18-cv-01216 (LEK/ATB), which was dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff states "the bill of rights guarantees right of Plaintiff Jasmine Edwards speech content to CenterState CEO members." *Id*. Plaintiff "asserts to the court that group libel is prohibited, as well as defamation, false statement, invasion of privacy, deprivation by law, as disclosed by United States code of laws and federal regulation codes." *Id*. Plaintiff states "the relationship between [Plaintiff and Defendants] can be expressed by Plaintiff Jasmine Edwards due law, article 1 of the constitution and governed by amendments 5 and 14 as well as 10 and the 1st and 9th and statutes of the code of federal regulations and the United States code of laws." *Id*. Plaintiff requests a jury trial and seeks significant monetary damages, "a warrant of payment without withholding fund," "to be paid in verifiable records," and "a court order for CenterState CEO networth and assets." *Id*. at 6-7.

## IV.   ANALYSIS

Plaintiff brings this action for "controversy of civil rights, rule on legal matters." (Dkt. No. 1 at 1.) However, it is not clear what federal right Plaintiff claims Defendants violated. A review of her civil cover sheet states this case is based on Federal Question Jurisdiction under 28 U.S.C. § 1331. (Dkt. No. 1-1.) She also claims this is a "Contract" action. *Id*. Plaintiff indicates in a section entitled "Cause of Action," that she is alleging "employee conduct/contract dispute." *Id*. Under "Brief description of cause," Plaintiff states "civil rights." *Id*.

### A.   42 U.S.C. § 1983

To the extent that Plaintiff is attempting to assert a claim under § 1983, the complaint fails to state a claim. Section 1983 allows a plaintiff to sue a "person" who "under color of state law" deprived the plaintiff of some federally-protected right. It is the duty of the plaintiff to allege state action on the part of the defendants named in the complaint, and a court may dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead such a nexus. *Profitt v.*

*Freedman*, No. 3:17-CV-0715 (LEK/DEP), 2017 WL 3835867, at *3 (N.D.N.Y. Aug. 8, 2017);

*see also Humphrey v. Rescue Mission*, No. 05-CV-0986 (FJS), 2005 WL 2437031, at *1

(N.D.N.Y. Sept. 30, 2005) (collecting cases); *Carollo-Gardner v. Diners Club*, 628 F. Supp.

1253, 1256–57 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint where plaintiff failed

to allege state action on part of defendants).

Here, as is readily apparent, the only named Defendants are two private individuals. It is

well settled, however, "the under-color-of-state-law element of § 1983 excludes from its reach

merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v.

Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citation omitted). Further, while

private actors can be liable under § 1983 pursuant to the "joint action" doctrine, under which "a

private actor can be found to act under color of state law for § 1983 purposes if the private party

is a willful participant in a joint action with the State or its agents," *Ciambriello v. Cty. of

Nassau*, 292 F.3d 307, 324-325 (2d Cir. 2002), Plaintiff has not alleged any joint action between

the State and Defendants.

Because § 1983 liability does not extend to private actors, the Court recommends

dismissing Plaintiff's § 1983 claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See e.g.*, *Yuan v.

Tops Mkt., LLC*, No. 5:10-CV-1251 (NAM/ATB), 2016 WL 164314, at *1 (N.D.N.Y. Jan. 12,

2016) (dismissing § 1983 claim against private party for lack of subject matter jurisdiction);

*Profitt v. Freedman*, 2017 WL 3835867, at *3 (N.D.N.Y. Aug. 8, 2017) (dismissing § 1983

action against two individuals and one corporation on initial review); *Pierce v. Homecomings

Financial, LLC*, No. 1:17-CV-882 (BKS/CFH), 2018 WL 2187384, at *3 (N.D.N.Y. Feb. 1,

2018) (same).

A review of the complaint shows that there is no other basis for federal court jurisdiction in this action. Because lack of subject matter jurisdiction is a substantive defect, *Deul v. Dalton*, No. 1:11-CV-0637 (GTS/RFT), 2012 WL 235523, at *8 n.19 (N.D.N.Y. Jan. 25, 2012), the Court recommends dismissal without leave to amend. *See, e.g.*, *Eason v. Doe*, No. 18-CV-1559 (JS)(SIL), 2018 WL 3998024, at *3 (E.D.N.Y. Aug. 21, 2018) (*sua sponte* dismissing *pro se* compliant on initial review and denying leave to amend where the plaintiff brought a § 1983 action against a private individual).

### B. State Law Claims

A federal court may, in its discretion, exercise supplemental jurisdiction over a state law claim, but only to the extent it is accompanied by a claim over which the court has original jurisdiction. *See* 28 U.S.C. § 1367 ("[E]xcept [in limited circumstances], in any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related[.]"). In light of the above recommendation, the Court also recommends declining to exercise supplemental jurisdiction over any state law claims without prejudice and subject to refiling in state court. *See Kolari v. New York Presbyterian Hosp.*, 455 F.3d 118, 120 (2d Cir. 2006) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims because all claims over which the federal court has jurisdiction have been dismissed).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED**; and it is further

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED** on initial review pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) without leave to amend; and it is further

**RECOMMENDED** that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims without prejudice and subject to refiling in state court; and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with a copy of the unpublished decision cited herein in accordance with the Second Circuit decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[5]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: December 7, 2018
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[5]  If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).

Profitt v. Freedman, Not Reported in Fed. Supp. (2017)

2017 WL 3835867

2017 WL 3835867
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Donna PROFITT, Plaintiff,

v.

Dr. Donald S. FREEDMAN, et al., Defendants.

Civil Action No. 3:17-CV-0715 (LEK/DEP)
|
Signed 08/08/2017

**Attorneys and Law Firms**

FOR PLAINTIFF: DONNA PROFITT, Pro Se, 122
Gaylord Street, Binghamton, NY 13904.

FOR DEFENDANTS: NONE

REPORT, RECOMMENDATION, AND ORDER

David E. Peebles, U.S. Magistrate Judge

**\*1** *Pro se* plaintiff Donna Profitt has commenced this
action against two individuals and one corporation.[1]
Plaintiff's complaint and accompanying application for
leave to proceed *in forma pauperis* ("IFP") have been
referred to me for review. Based upon my consideration of
those materials, plaintiff's IFP application is granted, but
I recommend that her complaint be dismissed with leave
to replead.

[1]    Plaintiff's complaint is internally inconsistent in
       naming the corporate defendant. The caption of
       her complaint identifies the corporate defendant
       as "American Medical Review Officers, Inc." Dkt.
       No. 1 at 1. In the portion of the body of
       the complaint describing defendants, however, the
       corporate defendant is named as "Physician Medical
       Review Officer, Inc." *Id.* at 2.

I. BACKGROUND

Plaintiff commenced this action on or about June 30, 2017.
Dkt. No. 1. In her complaint, which was prepared utilizing
a form for use in civil actions, plaintiff asserts claims
arising under 49 C.F.R. § 40.1 as a result of a drug test
administered to her in her capacity as an employee of the
United States Department of Transportation ("DOT").

Dkt. No. 1 at 3, 4. More specifically, it appears that
plaintiff tested positive for the presence of amphetamine
and methamphetamine during a random drug test on
some unidentified date as a result of her consumption of
Zoloft. *Id.* at 4. Liberally construed, plaintiff's complaint
alleges that the specimen plaintiff produced was analyzed
by defendant Dr. Donald S. Freedman, and the positive
test results were sent, without plaintiff's knowledge,
to the DOT. *Id.* Defendant Barbra Oakley, defendant
Freedman's office manager, is alleged to have erroneously
billed plaintiff for the drug test. *Id.* Plaintiff's complaint
alleges that her due process rights were violated and seeks
recovery of compensatory and punitive damages. *Id.*

II. DISCUSSION

A. IFP Application

When a civil action is commenced in a federal district
court, the statutory filing fee, currently set at $400,
must ordinarily be paid. 28 U.S.C. § 1914(a). A court
is authorized, however, to permit a litigant to proceed
*in forma pauperis* if it determines that she is unable to
pay the required filing fee. 28 U.S.C. § 1915(a)(1).[2]  In
this instance, because I conclude that plaintiff meets the
requirements for IFP status, her application for leave to
proceed without prepayment of fees is granted.[3]

[2]    The language of that section is ambiguous, in that
       it suggests an intent to limit availability of IFP
       status to prison inmates. *See* 28 U.S.C. § 1915(a)
       (1) (authorizing the commencement of an action
       without prepayment of fees "by a person who submits
       an affidavit that includes a statement of all assets
       such prisoner possesses"). Courts have construed that
       section, however, as making IFP status available to
       any litigant who can meet the governing financial
       criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367
       (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195
       F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

[3]    Plaintiff is reminded that, although her IFP
       application has been granted, she will still be required
       to pay fees that she incurs in this action, including
       copying and/or witness fees.

B. Sufficiency of Plaintiff's Complaint

**\*2** Because I have found that plaintiff meets the financial
criteria for commencing this case IFP, I must next consider

**Profitt v. Freedman, Not Reported in Fed. Supp. (2017)**

2017 WL 3835867

the sufficiency of the claims set forth in her complaint in light of 28 U.S.C. § 1915(e).

## 1. Standard of Review

Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2) (B).

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). The court, however, also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See*, *e.g.*, *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity ... occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.' " *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory ... or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court is guided by applicable requirements of the Federal Rules of Civil Procedure. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations of a complaint in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## 2. Analysis

**\*3** The basis for plaintiff's claims is somewhat unclear. She claims that this court possesses subject matter jurisdiction over her claims both on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and based upon diversity of citizenship under 28 U.S.C. § 1332. Dkt. No. 1 at 3. The stated basis of her claims appears to be that the governing DOT regulations were violated and that she was denied due process. *Id.* at 3-4.

To the extent plaintiff claims a violation of the DOT regulations, there is no private right of action afforded under those regulations. *See* 49 C.F.R. § 219.17(b) ("Nothing in this part ... [c]reates a private right of action on the part of any person for enforcement of the provisions of this part or for damages resulting from

**Profitt v. Freedman, Not Reported in Fed. Supp. (2017)**

2017 WL 3835867

noncompliance with this part[.]"). Accordingly, those regulations do not independently support a cognizable claim.

As was previously noted, plaintiff's complaint makes reference to the denial of due process. Dkt. No. 1 at 4. To assert a due process violation, plaintiff would have to assert a claim either under 42 U.S.C. § 1983 or under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). In either event, however, the defendants, as private actors, are not subject to liability for deprivation of due process. If the action is brought under section 1983, [4] for example, a plaintiff must allege that the defendants were acting under color of state law. *See DeMatteis v. Eastman Kodak Co.*, 511 F.2d 306, 311 (2d Cir. 1975), *modified on other grounds by DeMatteis v. Eastman Kodak Co.*, 520 F.2d 409 (2d Cir. 1975), ("A private party violates [section] 1983 only to the extent its conduct involves state action."). Similarly, the governmental action requirement attaches to constitutional claims brought under *Bivens*. [5] *See, e.g., Smith v. Kitchen*, 156 F.3d 1025, 1028 (10th Cir. 1997) ("[T]he claim [is] still ... deficient as a matter of law because the underlying constitutional right that [the plaintiff] asserts—due process under the Fifth Amendment—does not apply to the conduct of private actors who are defendants in this case."). Where a plaintiff fails to allege the requisite governmental action on the part of the defendants named in a complaint, the court may dismiss the action under 28 U.S.C. § 1915(e). *See, e.g., Humphrey v. Rescue Mission*, No. 05-CV-0986, 2005 WL 2437031, at *1 (N.D.N.Y. Sept. 30, 2005) (Scullin, J.). In sum, having carefully reviewed plaintiff's complaint, I conclude that it fails to state a cognizable claim against any of the three defendants named in her complaint.

[4]    Section 1983 provides as follows:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity,

injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S.C. § 1983.

[5]    Although the Supreme Court recently narrowed the scope of cognizable *Bivens* claims in *Ziglar v. Abassi*, 137 S. Ct. 1843, (2017), its holdings did not disturb the requirement that a defendant sued under *Bivens* must be a state actor.

### C. Whether to Permit Amendment

**\*4** Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 1003 (E.D.N.Y. 1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord, Brown v. Peters*, No. 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.).

In this case, it is possible that, with better pleading, plaintiff's complaint could state a cognizable cause of action against the named defendants. Accordingly, I recommend that she be granted leave to amend. If plaintiff chooses to file an amended complaint, she should note that the law in this circuit clearly provides that " 'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany

Profitt v. Freedman, Not Reported in Fed. Supp. (2017)

2017 WL 3835867

of general conclusions that shock but have no meaning.' " *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in any amended complaint, plaintiff must clearly set forth the facts that give rise to her claims, including the dates, times, and places of the alleged underlying acts, and each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the specific involvement of any of the named defendants in any constitutional deprivations alleged in sufficient detail to establish that they were tangibly connected to those deprivations. *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

## III. SUMMARY, ORDER, AND RECOMMENDATION

Having reviewed plaintiff's IFP application, I find that she is qualified for that status and will therefore grant her motion for leave to proceed without prepayment of fees or costs. Turning to the merits of plaintiff's complaint, I conclude that, at this early juncture, it fails to state a cognizable claim against any of the three named defendants.

Accordingly, it is hereby

ORDERED that plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and is further hereby respectfully

RECOMMENDED that plaintiff's complaint in this action be DISMISSED pursuant to 28 U.S.C. § 1915(e) for failure to state a claim, with leave to replead within thirty days of the date of any decision and order adopting this recommendation.

**\*5** NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. [6] FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

[6]    If you are proceeding *pro se* and are served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the report, recommendation, and order was mailed to you to serve and file objections. Fed. R. Civ. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

The clerk of the court shall serve a copy of this order on plaintiff in accordance with the local rules.

## All Citations

Not Reported in Fed. Supp., 2017 WL 3835867

2005 WL 2437031
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

John Jay HUMPHREY, Plaintiff,
v.
RESCUE MISSION, Defendant.

No. 5:05 CV 986.
|
Sept. 30, 2005.

**Attorneys and Law Firms**

John Jay Humphrey, Syracuse, New York, Plaintiff, pro se.

MEMORANDUM-DECISION AND ORDER

SCULLIN, Chief J.

## I. INTRODUCTION

**\*1** Currently before the Court is Plaintiff John Jay Humphrey's civil rights complaint and his *in forma pauperis* application. [1] *See* Dkt. Nos. 1-2. Plaintiff has not paid any fee relating to this action.

[1]    The Court notes that Plaintiff has filed numerous actions in this District in addition to the present one. *See* 5:02-CV-1524; 5:03-CV-1181; 5:04-CV-145; 5:05-CV-253; 5:05-CV-636; 5:05-CV-795; 5:05-CV-987; 5:05-CV-1036; 5:05-CV-1159; 5:05-CV-1205.

In his complaint, Plaintiff alleges that Defendant Rescue Mission violated his First Amendment rights by requiring him to remove a shirt that carried an apparently offensive message in order to be able to remain at the Rescue Mission. Plaintiff seeks monetary damages against Defendant for this alleged constitutional violation pursuant to 42 U.S.C. § 1983.

## II. DISCUSSION

Section 1915(e)(2)(B) of Title 28 of the United States Code directs, in pertinent part, that "the court shall dismiss the case at any time if the court determines that-... (B) the action ...-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Moreover, it is the court's responsibility to determine whether a plaintiff may properly maintain his complaint in this District before the court may permit a plaintiff to proceed with an action *in forma pauperis. See* 28 U.S.C. § 1915(e)(2).

As an initial matter, the Court notes that Plaintiff asserted identical claims against the same Defendant in a prior action. *See Humphrey v. Rescue Mission,* 5:05-CV-795, at Dkt. No. 1. The Court dismissed that action because Plaintiff failed either to allege that Defendant was a state actor for purposes of 42 U.S.C. § 1983 or to allege any facts that would permit the Court to draw that inference. *See id.* at Dkt. No. 3. An appeal of this Court's dismissal of Plaintiff's complaint in that action is pending before the Second Circuit. *See id.* at Dkt. No. 8. Although the same analysis applies to this case, the Court will repeat it for Plaintiff's benefit in light of his *pro se* status.

Section 1983 establishes a cause of action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. However, a plaintiff cannot hold a defendant liable under § 1983 unless he can establish that the defendant has acted under color of state law. *See, e.g., Rounseville v. Zahl,* 13 F.3d 625, 628 (2d Cir.1994) (noting state action requirement under § 1983); *Wise v. Battistoni,* No. 92 CIV. 4288, 1992 WL 380914, \*1 (S.D.N.Y. Dec. 10, 1992) (same) (citation omitted). It is the plaintiff's duty to allege that the defendant whom he named in his complaint acted under color of state law, and a court may dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead that element of his claim. *See, e.g., Giannini v. Pearson,* No. 95-CV-1669, slip op. at 4 (N.D.N.Y. Dec. 28, 1995), *appealed dismissed* (2d Cir. Apr. 19, 1996); *Carollo-Gardner v. Diners Club,* 628 F.Supp. 1253, 1256 (E.D.N.Y.1986) (dismissing as frivolous *pro se* complaint in which the Plaintiff failed to allege state action by the defendants (citations omitted); *see also DeMatteis v. Eastman Kodak Co.,* 511 F.2d 306, 311 (2d Cir.1975) (affirming dismissal of complaint in an action in which the plaintiff failed to include allegations of state action in the complaint), *modified on other grounds,* 520 F.2d 409 (2d Cir.1975); *Lawson v. Abrams,* No. CV-84-4325, 1988 WL 49244, \*4 (E.D.N.Y. May 6, 1988) (same).

**\*2** In his complaint in this action, Plaintiff does not allege that the Rescue Mission is a state actor for purposes of § 1983, and he has not alleged any facts that would permit the Court to draw that inference. Therefore, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 5.4(a).

III. CONCLUSION

Accordingly, having reviewed Plaintiff's complaint, the applicable law, and for the reasons stated herein, the Court hereby

ORDERS that Plaintiff's application for leave to proceed *in forma pauperis* is DENIED; and the Court further

ORDERS that this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) and Local Rule 5.4(a); and the Court further

ORDERS that the Clerk of the Court serve a copy of this Order on Plaintiff; and the Court further

CERTIFIES that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.2d, 2005 WL 2437031

---

**End of Document** © 2018 Thomson Reuters. No claim to original U.S. Government Works.

2016 WL 164314
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Keyue Yuan, Plaintiff,

v.

Tops Market, LLC; The Penn Traffic Company;
Officer Hollenbeck; and Officer Haines, Defendants.

5:10-CV-1251 (NAM/ATB)
|
Signed 01/12/2016

**Attorneys and Law Firms**

Keyue Yuan, 940 E. State Street, Ithaca, New York 14850,
Plaintiff, pro se.

Dixon & Hamilton LLP, Michael B. Dixon, Esq., of
counsel, 2350 North Forest Road, Suite 18A, Getzville,
New York 14068-1296, Attorney for defendants Tops
Market, LLC and The Penn Traffic Company.

**MEMORANDUM-DECISION AND ORDER**

Hon. Norman A. Mordue, Senior U.S. District Judge

On October 6, 2015, upon dismissing all claims against
Officers Hollenbeck and Haines, the Court directed the
parties to brief the question of whether plaintiff has a
cause of action against the remaining defendants under
42 U.S.C. § 2000a or any other federal statutory or
constitutional provision (Dkt. No. 102). In the same
Order, the Court directed the remaining defendants, Tops
Market, LLC ("Tops") and The Penn Traffic Company
("Penn Traffic"), to submit papers addressing whether
they are citizens of New York State for purposes of
diversity jurisdiction (Dkt. No. 102). Tops and Penn
Traffic submitted a Memorandum (Dkt. No. 105). On
December 1, 2015, having received no submission from the
*pro se* plaintiff, the Court issued an Order (Dkt. No. 106)
directing defendants to file proof of service on plaintiff
of their Memorandum and advising plaintiff that, if he
wishes to submit any response to the Memorandum (Dkt.
No. 105) filed by Tops and Penn Traffic, he must do so
on or before December 28, 2015. The Court has received a
signed certified mail receipt showing that plaintiff received

the Court's December 1, 2015 Order on December 15,
2015. Plaintiff has submitted no response.

Defendants' unrefuted submissions establish that this
Court lacks subject-matter jurisdiction. The Court takes
judicial notice of public filings in the Chapter 11 case *In re
The Penn Traffic Company*, 09-14078, in the United States
Bankruptcy Court for the District of Delaware, pursuant
to which all holdings of Penn Traffic were liquidated and
distributed to creditors. The bankruptcy case, commenced
on November 18, 2009, was closed on November 4, 2015.
Penn Traffic is no longer a proper defendant and all claims
against it are dismissed.

The submissions by Tops, including its Articles of
Organization dated September 15, 2000, demonstrate that
it is a limited liability company located in Williamsville,
Erie County, State of New York. For purposes of diversity
jurisdiction, a corporation shall be deemed to be a citizen
of any State by which it has been incorporated and of
the State where it has its principal place of business; thus,
Tops is a citizen of New York State. *See* 28 U.S.C. §
1332(c)(1). According to the record, plaintiff has been
domiciled in New York State throughout this action and
thus is a citizen thereof. *See Durant, Nichols, Houston,
Hodgson & Cortese-Costa, P.C. v. Dupont*, 371 F. App'x
135, 137 (2d Cir. 2010). Because both plaintiff and Tops
(now the sole remaining defendant) are citizens of New
York State, diversity jurisdiction is lacking.

There is no other basis for this Court to exercise
federal subject-matter jurisdiction over the case. Upon
review of the entire record, in particular the deposition
testimony of plaintiff and the videos of the incident
in issue, and construing plaintiff's papers liberally and
interpreting them "to raise the strongest arguments that
they suggest," *McPherson v. Coombe*, 174 F.3d 276, 280
(2d Cir. 1999), the Court concludes that plaintiff has no
remaining claim under federal law. There can be no claim
against Tops under 42 U.S.C. § 1983, because there is
no showing that the conduct alleged against Tops was
committed by a person acting under color of state law
or that such conduct may be attributed to the state.
*See Sybalski v. Independent Grp. Home Living Program,
Inc.*, 546 F.3d 255, 257 (2d Cir. 2008). In addition,
plaintiff has no viable claim under Title II of the Civil
Rights Act of 1964 ("Title II"), 42 U.S.C. § 2000a, *et
seq.*, which prohibits discrimination in places of public
accommodation. Leaving aside the questions of whether

Tops is a place of public accommodation, *see* 42 U.S.C. § 2000a(b), and whether plaintiff has complied with any applicable New York State notice provision, *see* 42 U.S.C. § 2000a-3(c), the Court finds that plaintiff cannot pursue a Title II claim because he seeks only monetary damages, which are not available under that title. *See* 42 U.S.C. § 2000a-3 ("Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice prohibited by section 2000a-2 of this title, a civil action for preventive relief, including an application for a permanent or temporary injunction ... may be instituted by the person aggrieved[.]"); *Newman v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968) ("When a plaintiff brings an action under [Title II], he cannot recover damages. If he obtains an injunction, he does so not for himself alone but also as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority."); *Macer v. Bertucci's Corp.*, 2013 WL 6235607, at *7 (E.D.N.Y. Dec.3, 2013) (dismissing Title II complaint where plaintiff sought only damages; noting that plaintiff lacked standing to seek injunction, because plaintiff failed to show "real and immediate threat of repeated injury"). There is no ground for federal-question jurisdiction under 28 U.S.C. § 1331.

**\*2** Having found that it lacks subject-matter jurisdiction over plaintiff's federal claims, the Court in its discretion declines to exercise supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(c) (3) ( "The district courts may decline to exercise supplemental jurisdiction over a claim ... [if] the district court has dismissed all claims over which it has original jurisdiction[.]"). In view of the nature of the case and its procedural posture, the Court finds that judicial economy, convenience, and comity militate against exercising jurisdiction over the remaining state law claims. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 119 (2d Cir. 2006). Because this case was commenced in state court, the Court remands the state law claims against Tops to the New York State Supreme Court, Tompkins County, where the case was originally filed. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 308 (2d Cir. 2003) ("Because this case was commenced in state court, the district court should remand the action to the state court in which it was originally filed.").

It is therefore

ORDERED that the claims against The Penn Traffic Company case are dismissed with prejudice; and it is further

ORDERED that the Court lacks subject-matter jurisdiction over the remaining claims against Tops Market, LLC; and it is further

ORDERED that the state law claims against Tops Market, LLC are remanded to New York State Supreme Court, Tompkins County, for further proceedings; and it is further

ORDERED that the case in this Court is closed; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order on plaintiff by certified mail, return receipt requested.

IT IS SO ORDERED.

**All Citations**

Not Reported in F.Supp.3d, 2016 WL 164314

---

2018 WL 2187384
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

Harriett PIERCE, Plaintiff,

v.

HOMECOMINGS FINANCIAL, LLC; Residential
Funding Company, LLC; Residential Accredit
Loans, Inc.; Deutsche Bank Trust Company
Americas, as Trustee for Securitized Trust Rali
Series 2007-QS4 Trust; Mortgage Electronic
Registration System ("MERS"); and John Does
1 Through 100 Inclusive, et al., Defendants.

1:17-CV-882 (BKS/CFH)
|
Signed 02/01/2018

**Attorneys and Law Firms**

Harriett Pierce, 138 Jefferson Street, Saratoga Springs,
New York 12866, pro se.

Greenberg, Traurig Law Firm, West Palm Beach Office,
OF COUNSEL: PATRICK G. BRODERICK, ESQ., 777
S. Flagler Drive, Ste. 300 East, West Palm Beach, New
York 33401, Attorneys for defendants, Deutsche Bank
Trust Company Americas, MERS.

Zeichner, Ellman Law Firm, OF COUNSEL: ROBERT
GUTTMANN, ESQ., 1211 Avenue of the Americas,
New York, New York 10036, Attorney for defendants,
Homecomings Financial, LLC, Residential Funding
Company, LLC, Residential Accredit Loans, Inc.


**REPORT-RECOMMENDATION AND ORDER** [1]

[1]    The undersigned reviews plaintiff's second amended
       complaint by Report-Recommendation and Order
       pursuant to 28 U.S.C. § 636(b).

Hon. Christian F. Hummel, U.S. Magistrate Judge


### I. Background

**\*1** On October 25, 2017, upon review of plaintiff's
original complaint pursuant to 42 U.S.C. § 1915, the
undersigned issued a Report-Recommendation and Order
granting plaintiff's motion to proceed in forma pauperis
and recommending dismissal of plaintiff's complaint
without prejudice and with opportunity to amend "to the
extent plaintiff may be able to demonstrate this Court's
diversity jurisdiction or federal question jurisdiction."
Dkt. No. 24. On November 8, 2017, plaintiff filed
objections to the Report-Recommendation and Order
and an amended complaint. Dkt. Nos. 27, 28. On
December 4, 2017, District Judge Brenda K. Sannes
adopted the Report-Recommendation and Order in
its entirety, dismissing plaintiff's complaint without
prejudice and with opportunity to replead. Dkt. No. 36.
Within her Decision and Order adopting the Report-
Recommendation and Order, Judge Sannes reviewed the
amended complaint (dkt. no. 28), which was filed after the
Report-Recommendation and Order. Id. Judge Sannes
concluded that the amended complaint failed to state
a claim under diversity jurisdiction or federal question
jurisdiction and dismissed the amended complaint without
prejudice and with opportunity to amend. Id. On January
4, 2018, plaintiff filed a second amended complaint. Dkt.
No. 37. Presently pending before the undersigned is the
review of plaintiff's second amended complaint pursuant
to 42 U.S.C. § 1915. Dkt. No. 37. [2]

[2]
       On October 13, 2017, defendant Deutsche Bank Trust
       Company Americas filed a Notice of Appearance.
       Dkt. No. 20. On November 29, 2017, defendant
       Mortgage Electronic Registration System filed a
       notice of appearance. Dkt. No. 33. On November
       22, 2017, defendant Deutsche Bank Trust Company
       Americas filed a motion to Dismiss for Failure to
       State a Claim. Dkt. No. 32. On November 29, 2017,
       Mortgage Electronic Registration System joined in
       defendant Deutsche Bank Trust Company Americas'
       Motion to Dismiss. Dkt. No. 35. On January 16, 2018,
       defendant Deutsche Bank Trust Company Americas
       and Mortgage Electronic Registration System filed
       a Motion to Dismiss the Amended Complaint. Dkt.
       No. 38. As this Court dismissed both plaintiff's
       original complaint and amended complaint following
       section 1915 review (dkt. no. 36) and the amended
       complaint is currently before the Court for review,
       defendants' motions to dismiss are premature as there
       has not been a complaint that has been approved
       following section 1915 and defendants have not been
       served.

### II. Review of Second Amended Complaint

#### A. Standard of Review

As set forth in the Court's first Report-Recommendation and Order, Dkt. No. 24, section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that ... the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting her to proceed with her action. Where a plaintiff's original complaint is dismissed with leave to amend following the Court's section 1915 review," section 1915 allows review of an amended complaint thereafter filed in order to determine whether the amended complaint meets the requirements. See 28 U.S.C. § 1915(a).

**\*2** Where, as here, the plaintiff proceeds pro se, "the court must construe his [or her] submissions liberally and interpret them to raise the strongest arguments that they suggest." Kirkland v. Cablevision Sys., 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks omitted); see also Hernandez v. Coughlin, 18 F.3d 133, 136 (2d Cir. 1994). However, this does not mean that the Court is required to accept as true unsupported allegations devoid of sufficient facts or claims. Pleading guidelines are provided in the Federal Rules of Civil Procedure ("Fed R. Civ. P"). Specifically, Rule 8 provides that a pleading which sets forth a clam for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2). "The purpose ... is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted). Rule 8 also requires the pleading to include:

> (1) a short and plain statement of the grounds for the court's jurisdiction ...;

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

> (3) a demand for the relief sought....

FED. R. CIV. P. 8(a). Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct." Id. at 8(d). Ultimately, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of a defendant's duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative ... to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal ... is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted).

#### B. Section 1915 Review

##### 1. Second Amended Complaint

It is clear from the face of the second amended complaint that plaintiff cannot demonstrate diversity jurisdiction, and plaintiff's second amended complaint attempts to invoke only this Court's federal question jurisdiction as well as supplemental jurisdiction. Dkt. No. 37 at 1. Plaintiff's second amended complaint states that "[t]he jurisdiction of this Court is invoked pursuant to 42 U.S.C. 2000e-5(f)(3),[3] 28 U.S.C. 1331[4] and 1343(a)(3)-(4),[5] and 28 U.S.C. 1367(a)[6] for claims arising under New York State Human Rights Law and the New York City Administrative Code, based on supplemental jurisdiction over claims that arise from a common nucleus of operative fact and are so intertwined with other matters pending before the Court as to make exercise of supplemental jurisdiction appropriate." Id. Plaintiff also provides that her claim is brought pursuant to 42 U.S.C. §§ 1983, 1988

and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. She further contends that defendants violated the Fourth and Fourteenth Amendments to the United States Constitution and "the 'Fair Housing Act' under the law of the State of New York." Dkt. No. 37 at 2.

3    42 U.S.C. § 2000e-5(f)(3) provides:

Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

4    28 U.S.C. § 1331 sets forth that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5    28 U.S.C. § 1343(a), Civil Rights and Elective Franchise, provides

The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: ... (3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.

28 U.S.C. § 1343(a), (3)-(4).

6    28 U.S.C. § 1367(a), Supplemental jurisdiction, provides

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts

have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a).

## 2. Assessment

**\*3** Plaintiff entitles her second amended complaint as a "Complaint for Civil Rights Violations and Breach of Trust." Dkt. No. 37 at 1. The only cause of action of plaintiff's second amended complaint that arguably suggests the involvement of a federal question is her second cause of action under the Fair Housing Act, entitled Discrimination. In the second cause of action, plaintiff suggests that defendants discriminated against her "in the sale or rental of housing and other prohibited practices as made applicable by section 803 of this title," referencing 42 U.S.C. § 3406, insofar as they "Refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familiar status, or national origin." Dkt. No. 37 at 6. Plaintiff also cites to 42 U.S.C. § 3605, [7] Discrimination in Residential Real Estate-Related Transactions. Id. However, despite citing these sections of the Fair Housing Act, plaintiff makes no factual allegations to support her conclusory assertion that she was discriminated against on the basis of race, color, religion, sex, handicap, familial status, or national origin in order to come under the purview of this statute. 42 U.S.C. § 3605.

7    42 U.S.C. § 3605:

Discrimination in residential real estate-related transactions.

(a) In general

It shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin.

(b) "Residential real estate-related transaction" defined As used in this section, the term "residential

real estate-related transaction" means any of the following:

(1) The making or purchasing of loans or providing other financial assistance—

(A) for purchasing, constructing, improving, repairing, or maintaining a dwelling; or

(B) secured by residential real estate.

(2) The selling, brokering, or appraising of residential real property.

(c) Appraisal exemption

Nothing in this subchapter prohibits a person engaged in the business of furnishing appraisals of real property to take into consideration factors other than race, color, religion, national origin, sex, handicap, or familial status.

42 U.S.C. § 3605.

The second amended complaint's remaining causes of action—Negotiable Instrument (Cause of Action I), Trespass (Cause of Action III), Failure of Consideration (Cause of Action IV), and Breach of the Covenant of Good Faith and Fair Dealing (Cause of Action V) appear to set forth state law claims. See Dkt. No. 37. Although plaintiff makes reference to 42 U.S.C. §§ 1983, 1988 in the "Introduction" section of her second amended complaint and contends that defendants violated the Fourth and Fourteenth Amendments to the United States Constitution, Dkt. No. 37 at 2, beyond listing these statutes and constitutional amendments in the opening of her second amended complaint, nowhere else does plaintiff mention these statutes or explain how defendants violated her Fourth and Fourteenth Amendment rights under section 1983.

Moreover, to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) "some person has deprived him of a federal right," and (2) "the person who has deprived him of that right acted under color of state ... law." Velvez v. Levy, 401 F.3d 75, 84 (2d Cir. 2005) (citation omitted); see 42 U.S.C. § 1983. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.' " United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 941 F.2d 1292, 1295-96 (2d Cir. 1991) (citing Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) ). Plaintiff fails to explain how the proposed defendants, who all appear to be private corporate entities, were either state actors or acted under the color of state law in order to make section 1983

applicable to her claims. The definition of acting "under color of state law" requires the plaintiff to show that the defendant "exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." Kern v. City of Rochester, 93 F.3d 38, 43 (2d Cir. 1996) (quoting West v. Atkins, 487 U.S. 42, 49 (1988) (internal quotation marks and citation omitted) ). Plaintiff has not made any such showing.

**\*4** Further, insofar as plaintiff cites 42 U.S.C. § 1988 in the introduction of her second amended complaint, Dkt. No. 37 at 2, this statute provides a fee-shifting provision relating to attorneys fees and is not an independent basis for jurisdiction. See generally Harris v. Obenshain, 452 F. Supp. 1172, 1172, n.1 (E.D. Va. 1978) ("Plaintiff alleges violations of 42 U.S.C. 1988 but that statute is merely procedural and does not create rights or confer jurisdiction."). In addition, although she cites it in her introduction section of her second amended complaint, plaintiff fails to explain how 42 U.S.C. § 20000e-5(f)(3) applies. Dkt. No. 37 at 1.

Similarly, although plaintiff cites the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, beyond setting forth this statute in her second amended complaint's "jurisdiction" section, plaintiff makes no mention of it elsewhere in her complaint or explain how it applies. Dkt. No. 37 at 2. Arguably, as plaintiff is demanding declaratory relief, a liberal reading of her second amended complaint may suggest that she is attempting to state that the Declaratory Judgment Act provides this Court with jurisdiction over this action. However, the Declaratory Judgment Act does not provide this Court with jurisdiction. "The Declaratory Judgment Act does not enlarge the jurisdiction of the federal courts; it is 'procedural only.' " Vaden v. Discover Bank, 556 U.S. 49, 70 n.19 (2009). Thus, for the Declaratory Judgment Act to apply, the Court must otherwise have independent subject matter jurisdiction over the case. See Westcode, Inc. v. Mitsubishi Electric Corp., 171 F. Supp. 3d 43, 52 (N.D.N.Y. 2016); "That this action seeks a declaratory judgment does not alter the jurisdictional analysis; the Declaratory Judgment Act extended a new form of relief to litigants but did not extend the federal courts' jurisdiction." St. Regis Mohawk Tribe v. Cuomo, 09-CV-896 (LEK/TWD), 2013 WL 4054702, at \*2 n.4 (N.D.N.Y. Aug. 12, 2013).[8]

8     Unpublished decisions cited herein have been provided to plaintiff pro se.

Confusingly, plaintiff's second amended complaint, within its Statement of Facts, attempts to set forth "terms" that she appears to seek defendants to accept. Dkt. No. 37 at 3 ¶¶ 30-60. Plaintiff states that respondent "agrees and consents to this administrative notice and default under this affidavit as clear and convincing evidence of he proof of the facts asserted herein," and lists several paragraphs of statements which sets forth various concessions, waivers, and admissions relating to this underlying action. Id. To the extent plaintiff attempts to set forth a proposed settlement agreement within her second amended complaint, such is not the proper avenue for such efforts.

Plaintiff argues that this Court has jurisdiction over this action through its supplemental jurisdiction. Although, generally, this Court has the discretion to exercise its supplemental jurisdiction to review state law claims in some cases, Block v. First Blood Assocs., 988 F.2d 344, 351 (2d Cir. 1993), where there is no meritorious federal claim before the Court, the district court should decline to exercise its supplemental jurisdiction to review any related state law claims. See, e.g., Purgess v. Sharrock, 33 F.3d 134 (2d Cir. 1994). As plaintiff's second amended complaint fails to demonstrate the involvement of a federal question, and, thus, this Court's jurisdiction, and the undersigned recommends dismissal of all arguable federal claims, it is recommended that this Court also decline to exercise jurisdiction over plaintiff's state law claims. See Kaminski v. Commissioner of Oneida Cty. Dept. of Soc. Services, 804 F. Supp. 2d 100, 107 (N.D.N.Y. 2011) (quoting 28 U.S.C. § 1367(c)(3) ).

### III. Conclusion

 **\*5** Interestingly, through plaintiff's three complaints submitted to this Court, plaintiff appears to be taking the approach of throwing everything at the wall to see what sticks. She appears to have abandoned her attempts at demonstrating federal jurisdiction through the avenues she attempted to raise in her objections to the Report-Recommendation and Order and first amended complaint. Dkt. Nos. 27, 28. Although the undersigned is mindful that plaintiff is proceeding pro se, and, thus, out of special solicitude, affords her second amended complaint a liberal reading, review of the second amended

complaint (Dkt. No. 37), in addition to the earlier two dismissed complaints (Dkt. Nos. 1, 28), demonstrates to the undersigned that plaintiff's claims involve solely issues of state law. Thus, the undersigned recommends that the second amended complaint be dismissed.

The undersigned further recommends that the dismissal be with prejudice and without leave to replead. Generally, a court should not dismiss a complaint filed by a pro se litigant without granting leave to amend "at least once" "when a liberal reading of the complaint gives any indication that a valid claim might be stated." Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991). However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Cortec Indus. Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice."). Thus, "[w]here it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). Plaintiff now has been given three opportunities to attempt to demonstrate this Court's jurisdiction, and it is the undersigned's opinion that plaintiff's latest attempt also fails to demonstrate the existence of either diversity or federal question jurisdiction. It does not appear that allowing a fourth attempt would set forth a cognizable federal claim. Thus, the undersigned recommends that the second amended complaint be dismissed with prejudice and without leave to replead.

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that pursuant to 42 U.S.C. § 1915(e)(1)(2)(B)(ii), plaintiff's second amended complaint (Dkt. No. 37) be **DISMISSED WITH PREJUDICE** and without leave to replead, and it is

**ORDERED**, that the Clerk of the Court serve this Report-Recommendation and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff has **FOURTEEN (14)** days within which to file written

objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Services, 892 F.2d 15 (2d Cir. 1989) ); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

**All Citations**

Slip Copy, 2018 WL 2187384

---

**End of Document**

© 2018 Thomson Reuters. No claim to original U.S. Government Works.

2012 WL 235523
Only the Westlaw citation is currently available.
United States District Court,
N.D. New York.

Loriann DEUEL and Lorraine Deuel, Plaintiffs,

v.

Frank T. DALTON; State of New York; New York
State Unified Court System; Philip J. Danaher, Esq.,
as the attorney appointed to act as Law Guardian
for BMD; Catherine Cholakis, as the presiding justice
of the Family Court assigned to this proceeding;
John & Jane Does 1–100, whose identities may or
may not be known but necessary parties to these
proceedings; ABC Corp's 1–100, those entities
whose identities are currently unknown, but
necessary parties to these proceedings, Defendants.

No. 1:11–CV–0637 (GTS/RFT).
|
Jan. 25, 2012.

**Attorneys and Law Firms**

Loriann and Lorraine Deuel, Unionville, TN, pro se.

### DECISION and ORDER

Hon. GLENN T. SUDDABY, District Judge.

**\*1** Currently before the Court, in this *pro se* civil
rights action filed by Loriann Deuel and Lorraine Deuel
("Plaintiffs") against the above-captioned defendants
(together "Defendants"), are (1) United States Magistrate
Judge Randolph F. Treece's Report–Recommendation
recommending that Plaintiff's Complaint be dismissed,
and (2) Plaintiffs' Objections to that Report–
Recommendation. (Dkt.Nos.4, 5.) For the following
reasons, the Report–Recommendation is accepted and
adopted, and Plaintiffs' Complaint is dismissed.

## I. RELEVANT BACKGROUND

### A. Plaintiffs' Complaint

On June 8, 2011, Plaintiffs filed their Complaint
in this action. (Dkt. No. 1.) Generally, in their
Complaint, Plaintiffs allege that Defendants violated their
constitutional right to due process and equal protection
under 42 U.S.C. § 1983 in connection with various custody
proceedings involving Plaintiff Loriann's minor child,
BMD. (Dkt. No. 1 at 4.)

More specifically, construed with the utmost of special
liberality, Plaintiffs' Complaint asserts the following six
claims against Defendants: (1) Defendants New York
State Unified Court System and Cholakis violated, and/
or conspired to violate, Plaintiffs' due process rights under
the Fourteenth Amendment by, *inter alia,* improperly
(a) exercising jurisdiction over Plaintiffs during various
custody proceedings from 2002 to 2004, where no such
jurisdiction existed, (b) failing to notify her of various
of those court proceedings, (c) holding various of those
proceedings in her absence, and (d) awarding Defendant
Dalton custody of BMD, even though Defendant Dalton
had not established paternity; (2) Defendants New York
State Unified Court System and Cholakis violated,
and/or conspired to violate, Plaintiffs' equal protection
rights under the Fourteenth Amendment by denying
Plaintiffs their parental and familial rights; (3) Defendants
New York State Unified Court System, Cholakis and
Danaher committed, and/or conspired to commit, fraud
against Plaintiffs; (4) Defendants New York State Unified
Court System, Cholakis and Danaher suborned, and/or
conspired to suborn, perjury by Defendant Dalton; (5)
Defendant Cholakis, New York State Family Court Judge
committed judicial misconduct against Plaintiffs; and (6)
Defendant Danaher committed professional misconduct
against Plaintiffs. (Dkt. No. 1 at 30–34.)

For a more detailed recitation of Plaintiffs' claims, and
the factual allegations giving rise to those claims, reference
is made to Plaintiffs' Complaint and Magistrate Judge
Treece's Report–Recommendation in their entireties.
(Dkt.Nos.1, 4.)

### B. Magistrate Judge Treece's Report–Recommendation

On July 19, 2011, Magistrate Judge Treece issued a
Report–Recommendation recommending that Plaintiffs'
Complaint be dismissed for the following reasons: (1)
the Court lacks subject-matter jurisdiction over domestic
relations matters, including those related to child custody;
(2) Plaintiffs' claims are barred by the applicable statute
of limitations; and (3) Plaintiff has failed to state a claim
upon which relief can be granted pursuant to 28 U.S.C. §
1915(e)(2). (*See generally* Dkt. No. 4.)

### C. Plaintiffs' Objections to the Report–Recommendation

**\*2** On August 1, 2011, Plaintiffs filed their Objections to the Report–Recommendation. (Dkt. No. 5.) Generally, liberally construed, Plaintiffs' Objections argue that Magistrate Judge Treece made the following errors: (1) the Court does have subject-matter jurisdiction in this case because the relief requested does not require the Court to "become enmeshed in factual disputes" (Dkt. No. 5 at 3); (2) Plaintiffs have stated a claim under 42 U.S.C. § 1983 because they have adequately alleged Defendants Dalton and Danaher are state actors (Dkt. No. 5 at 4); and (3) the action is not barred by the applicable statute of limitations because the state court "matter has been ongoing for the past seven years." (Dkt. No. 5 at 4.)

In addition, in their Objections, Plaintiffs seek leave to file an Amended Complaint, which Plaintiffs purport would do the following: (1) remove Defendant Cholakis from this action "pursuant to judicial immunity statutes"; (2) "remove the habeas corpus request"; and (3) include recent civil rights violations in an effort "to clear up misunderstandings regarding jurisdiction, timeliness, and the statement of claims." (Dkt. No. 5 at 6.)

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review Governing a Report–Recommendation

When a specific objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, the Court "may ... receive further evidence...." 28 U.S.C. § 636(b) (1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

[1]   See also *Mario v. P & C Food Markets, Inc.,* 313 F.3d 758, 766 (2d Cir.2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his

Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]   See *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1137–38 (2d Cir.1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n. 3 (2d Cir.1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U.S. v. Raddatz,* 447 U.S. 667, 676, n. 3, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review. Fed.R.Civ.P. 72(b)(2) and (3); Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition.[3] Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation to a clear error review.[4] Finally, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error. Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition.[5]

3  See also *Brown v. Peters,* 95–CV–1641, 1997 WL 599355, at \*2–3 (N.D.N.Y. Sept.22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion,* 175 F.3d 1007 (2d Cir.1999); *Vargas v. Keane,* 93–CV–7852, 1994 WL 693885, at \*1 (S.D.N.Y. Dec.12, 1994) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] ... is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd,* 86 F.3d 1273 (2d Cir.), *cert. denied,* 519 U.S. 895, 117 S.Ct. 240, 136 L.Ed.2d 169 (1996).

4  See *Mario,* 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed.R.Civ.P. 72(b) or Local Civil Rule 72.3(a) (3)."); *Camardo v. Gen. Motors Hourly–Rate Emp. Pension Plan,* 806 F.Supp. 380, 382 (W.D.N.Y.1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady,* 09–CV–0924, 2010 WL 3761902, at \*1, n. 1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue,* 07–CV–1077, 2010 WL 2985968, at \*3 & n. 3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole,* 04–CV–0484, 2006 WL 149049, at \*4 (N.D.N.Y. Jan.18, 2006) (Sharpe, J.).

5  See also *Batista v. Walker,* 94–CV–2826, 1995 WL 453299, at \*1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous." [internal quotations marks omitted.] ).

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1)(C).

**B. Legal Authority for Reviewing a Complaint *Sua Sponte***

**\*3**  Under the circumstances, the Court's authority to *sua sponte* review Plaintiffs' Complaint stems from three separate sources. (1) Fed.R.Civ.P. 12(h)(3), which provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss

that action"; (2) 28 U.S.C. § 1915(e)(2) (B), which provides that, when a plaintiff seeks to proceed *in forma pauperis,* "the court shall dismiss the case at any time if the court determines that—... the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief"; and (3) the Court's inherent power to manage its docket.

With regard to the second of the three above-described authorities, the Court notes that the dismissal of an action as barred by the applicable statute of limitation may fall within the ambit of the Court's power to dismiss a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e).  6  In addition, the dismissal of an action as duplicative has been found to fall within the ambit of the Court's power to dismiss a complaint which is frivolous or malicious pursuant to 28 U.S.C. § 1915(e). 7

6  See *Pino v. Ryan,* 49 F.3d 51, 54 (2d Cir.1995) ("Nothing ... suggests that an affirmative defense appearing on the face of a complaint may not be the basis for a *sua sponte* dismissal under section 1915(d) [section 1915(e) as amended] prior to service of te complaint."); *accord, Pratts v. Coombe,* 49 F. App'x 392, 393 (2d Cir.2003).

7  See *Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir.1988) (holding that a complaint that repeats pending or previously litigated claims "may be considered abusive" and dismissed under the authority of Section 1915[e] ); *Buckenberger v. Reed,* 10–CV–0856, 2010 WL 1552672, at \*1 (E.D.La. Mar.16, 2010) (recommending dismissal of complaint asserting claims which were duplicative of those in a pending action as "malicious"); *Smith v. Ferrell,* 09–CV–0466, 2010 WL 653798, at \*2–3 (S.D.Ala. Feb.18, 2010) (dismissing action because claims were duplicative of those in another pending action); *Williams v. Bunn,* 06–CV–0466, 2007 WL 1703816, at \*2 (W.D.N.Y. Jun.7, 2007) (dismissing "religious claim" with prejudice because it was "repetitive of a claim twice brought previously and dismissed for plaintiff's failure to serve); *Hahn v. Tarnow,* 06–CV–12814, 2006 WL 2160934, at \*1 (E.D.Mich. July 31, 2006) (dismissing complaint as "repetitive, malicious and frivolous, and duplicative"); *Blake v. Bentsen,* 95–CV–2227, 1995 WL 428694, at \*2 (E.D.N.Y. Jul.11, 1995) (dismissing "repetitious litigation" as abusive and malicious); *Denton v. Hernandez,* 504 U.S. 25, 30, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (recognizing

Congress's concern in 28 U.S.C. § 1915 that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.").

With regard to the third of the three above-described authorities, it is well settled that a district court has the power to *sua sponte* dismiss *pro se* complaint based on frivolousness. *See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp.,* 221 F.3d 362, 363 (2d Cir.2000) (recognizing that district court has power to *sua sponte* dismiss *pro se* complaint based on frivolousness notwithstanding fact that plaintiff has paid statutory filing fee). It is also well settled that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.,* 226 F.3d 133, 138 (2d Cir.2000); *see also Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) ("As between federal district courts, ... though no precise rule has evolved, the general principle is to avoid duplicative litigation."). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 96 L.Ed. 200 (1952). [8] The doctrine is also meant to protect parties from "the vexation of concurrent litigation over the same subject matter." *Adam v. Jacob,* 950 F.2d 89, 93 (2d Cir.1991) . [9]

[8]    The Second Circuit affirmed the dismissal of an action which "substantially duplicate[d]" the conspiracy claim asserted in a prior action, notwithstanding the fact that the conspiracy claim in the first action was dismissed as insufficiently pleaded and plaintiff was afforded an opportunity to amend, because "[plaintiff's] recourse is to appeal that decision after judgment is entered in that case, not to file a duplicative second complaint." *Brown v. Plansky,* 24 F. App'x 26, 28 (2d Cir.2001).

[9]    The rule against duplicative litigation is distinct from, but related to, the doctrine of claim preclusion or *res judicata,* and the two doctrines serve some of the same policies. As the Supreme Court stated over 100 years ago in *United States v. The Haytian Republic,* 154 U.S. 118, 14 S.Ct. 992, 38 L.Ed. 930 (1894), "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,'

regarding the matters at issue in the second suit." *Id.* at 124.

### C. Legal Standard Governing Dismissal Based on Lack of Subject–Matter Jurisdiction

Magistrate Judge Treece correctly recited the legal standard governing a dismissal based on lack of subject-matter jurisdiction in his Report–Recommendation. (Dkt. No. 4 at 2–3.) As a result, that standard is incorporated herein by reference in this Decision and Order.

### D. Legal Standard Governing Dismissal Based on Expiration of Statute of Limitations

**\*4**  Magistrate Judge Treece correctly recited the legal standard governing a dismissal based on the expiration of the relevant statute of limitations in his Report–Recommendation. (Dkt. No. 4 at 3–4.) As a result, that standard is incorporated herein by reference in this Decision and Order.

### E. Legal Standard Governing Dismissal Based on Failure to State a Claim

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed.R.Civ.P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cnty.,* 549 F.Supp.2d 204, 211, nn. 15–16 (N.D.N.Y.2008) (McAvoy, J., adopting Report–Recommendation on *de novo* review).

Because Plaintiffs' Complaint is dismissed based on the first ground, a few words regarding that ground are appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[ ]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed.R.Civ.P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed.R.Civ.P. 8(a)(2) as "simplified" and "liberal." *Jackson,* 549 F.Supp.2d at 212, n. 20 (citing Supreme

Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed.R.Civ.P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson,* 549 F.Supp.2d at 212, n .17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson,* 549 F.Supp.2d at 212, n. 18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F.Supp.2d 203, 213 & n. 32 (N.D.N.Y.2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12–61 (3d ed.2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F.Supp.2d at 213, n. 22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–52, 173 L.Ed.2d 868 (2009).

**\*5** Most notably, in *Bell Atlantic Corp. v. Twombly,* the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly,* 127 S.Ct. at 1968–69. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id.* at 1965–74. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id .* at 1965. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id.*

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "[D]etermining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not show[n]-that the pleader is entitled to relief." *Iqbal,* 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.,* it "does not impose a probability requirement." *Twombly,* 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal,* 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

**\*6** This pleading standard applies even to *pro se* litigants. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed), it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed.R.Civ.P. 8, 10 and 12. [10] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed.R.Civ.P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow. [11] Stated more simply, when a plaintiff is proceeding *pro se,* "all normal rules of pleading are not absolutely suspended." *Jackson,* 549 F.Supp.2d at 214, n. 28 [citations omitted]. [12]

10    See *Vega v. Artus,* 610 F.Supp.2d 185, 196 & nn. 8–9 (N.D.N.Y.2009)* (Suddaby, J.) (citing Second Circuit cases); *Rusyniak,* 629 F.Supp.2d at 214 & n. 34 (citing Second Circuit cases).

11    See *Vega,* 610 F.Supp.2d at 196, n. 10 (citing Supreme Court and Second Circuit cases); *Rusyniak,* 629 F.Supp.2d at 214 & n. 34 (citing Second Circuit cases).

12    It should be emphasized that Fed.R.Civ.P. 8's plausibility standard, explained in *Twombly,* was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus,* in which (when reviewing a *pro se* pleading) the Court stated, *"Specific facts are not necessary"* to successfully state a claim under Fed.R.Civ.P. 8(a)(2). *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) [emphasis added]. That statement was merely an abbreviation of the often-repeated point of law—first offered in *Conley* and repeated in *Twombly*—that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim. *Twombly,* 127 S.Ct. 1965, n. 3 (citing *Conley,* 355 U.S. at 47) [emphasis added]. That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever. Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level. *See Rusyniak,* 629 F.Supp.2d at 214 & n. 35 (explaining holding in *Erickson* ).

### F. Legal Standard Governing Dismissal Based on Duplicative Nature of Action

Although no precise test has been articulated for determining whether actions are duplicative, "the general rule is that a suit is duplicative of another suit if the parties, issues and available relief do not significantly differ between the two actions." *I.A. Durbin, Inc. v. Jefferson Nat. Bank,* 793 F.2d 1541, 1551 (11th Cir.1986). "Courts generally look to the identity of the parties, legal claims, factual allegations including temporal circumstances, and the relief sought to determine if the complaint is repetitive or malicious." *Hahn,* 2006 WL 2160934, at *3.

It is worth noting that district courts have broad discretion in determining whether an action should be dismissed as duplicative. *Lopez v. Ferguson,* 361 F. App'x 225, 226 (2d Cir.2010) (affirming dismissal of action as duplicative of a pending class action as to which plaintiff fell within

the certified class). [13] There are several approaches to the proper disposition of duplicative actions, including stay of the second action, dismissal without prejudice, and consolidation. *Curtis,* 226 F.3d at 138. In addition, "simple dismissal of the second suit is another common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 138–39. [14]

13    See also *Flemming v. Wurzberger,* 322 F. App'x 69, 71 (2d Cir.2009); *Curtis,* 226 F.3d at 138.

14    See also *Zerilli v. Evening News Ass'n,* 628 F.2d 217, 222 (D.C.Cir.1980); *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3d Cir.1977) (en banc ).

### G. Legal Standard Governing Dismissal Based on Doctrines of Res Judicata and/or Collateral Estoppel

Claim preclusion, also sometimes referenced to as res judicata, requires that a final judgment of an action on the merits be given preclusive effect, barring parties, as well as those in privity with them, from relitigating claims which were or could have been raised in the prior action. *Marvel Characters, Inc. v. Simon,* 310 F.3d 280, 286–87 (2d Cir.2002); *see also Fay v. South Colonie Cent. Sch. Dist.,* 802 F.2d 21, 28 (2d Cir.1986) (citing *Federated Dep't Stores v. Moitie,* 452 U.S. 394, 398 [1981] ), *overruled on other grounds, Taylor v. Vermont Dep't of Educ.,* 313 F.3d 768 (2d Cir.2002).

Issue preclusion, a more narrow doctrine often referred to as collateral estoppel, bars a party that has had a full and fair opportunity to litigate an issue of fact or law from relitigating the same issue once it has been actually and necessarily decided against that party or its privy. *McKithen v. Brown,* 481 F.3d 89, 105 (2d Cir.2007); *Marvel,* 310 F.3d at 288–89.

### III. ANALYSIS

**\*7** As stated above in Part I.C. of this Decision and Order, Plaintiffs' Objections argue that Magistrate Judge Treece made the following errors: (1) the Court does have subject-matter jurisdiction in this case because the relief requested does not require the Court to "become enmeshed in factual disputes" (Dkt. No. 5 at 3); (2) Plaintiffs, indeed, stated a claim under 42 U.S.C. § 1983 because they have adequately alleged Defendants Dalton and Danaher are state actors (Dkt. No. 5 at 4); and (3) the

action is not time-barred because the state court "matter has been ongoing for the past seven years." (Dkt. No. 5 at 4.)

In accordance with N.D.N.Y. L.R. 72.1(c), the Court finds the first and second objections are specific in nature because Plaintiffs identified the portions of Magistrate Judge Treece's Report–Recommendation to which they object with particularity, and Plaintiffs cited (albeit improper) legal authority in an effort to support their objections. (*See generally* Dkt. No. 5.) As a result, the Court subjects those portions of Magistrate Judge Treece's Report–Recommendation to which Plaintiffs object to a *de novo* review. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

Plaintiffs' third objection, however, is only general in nature. Although Plaintiffs specifically identify the portion of the Report–Recommendation to which they object, they fail to provide any legal basis for the objection. (*See generally* Dkt. No. 5 at 4–6 .) As a result, the Court reviews that portion of Magistrate Judge Treece's Report–Recommendation to which Plaintiffs object for only clear error. Fed.R.Civ.P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).

After carefully subjecting Magistrate Judge Treece's Report–Recommendation to the appropriate level of review, the Court finds no error in the Report–Recommendation. Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report–Recommendation is accepted and adopted in its entirety for the reasons stated therein. The court would add only five brief points.

First, those portions of Magistrate Judge Treece's Report–Recommendation that the Court has reviewed only for clear error (e.g., the holding that Plaintiffs' claims are barred by the statute of limitations) would survive even a *de novo* review.

Second, Plaintiff's argument that the Court need not "become enmeshed in factual disputes" (and thus it does have subject-matter jurisdiction in this case) is without merit for several reasons. For example, to determine whether Plaintiffs' due process rights were violated, the Court would inevitably have to engage in a factual inquiry regarding the custodial placement of BMD with

Defendant Dalton. The Court might, for example, need to evaluate the same facts the state court did in making its custody determination in the first place. Doing so, however, would violate the general rule that domestic relations matters are primarily matters for state courts.

**\*8** Third, Plaintiffs' action appears largely duplicative of two previously filed actions: (1) *Deuel v. Dalton,* 06–CV–0234, Complaint (M.D. Tenn. filed March 23, 2006); and (2) *Deuel v. Dalton,* 11–CV–0466, Complaint (M.D. Tenn. filed May 16, 2011). While the first of these two actions appears to have been dismissed only without prejudice, [15] the second of these two actions is still pending in the Middle District of Tennessee-contributing to the waste of judicial resources, and running the risk of inconsistent rulings and preclusion by collateral estoppel. [16] The Court notes that in May 20011 an Order was issued in the second action, referring the case to a magistrate judge for a review of whether the action is frivolous. *Deuel v. Dalton,* 11–CV–0466, Order (M.D. Tenn. filed May 18, 2011) (Trauger, J.). As a result, this action is dismissed based also on this alternative ground.

[15]  *Deuel v. Dalton,* 06–CV–0234, Memorandum and Order (M.D. Tenn. filed August 15, 2006) (Trauger, J.). *See also Hernandez v. Conriv Realty Assocs.,* 182 F.3d 121, 123 (2d Cir.1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice.").

[16]  For example, both the second action and the action before this Court present claims against Frank Dalton, John and Jane Does 1–100, and ABC Corp's 1–100, for violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment (as well as fraud and conspiracy), arising from, *inter alia,* the unfavorable rulings Plaintiff Loriann Deuel received in child-custody proceedings in New York State court from 2002 to 2004 due to the alleged misconduct of Dalton, Family Court Judge Catherine Cholakis and Law Guardian Phillip J. Danaher. *See Deuel v. Dalton,* 11–CV–0466, Complaint, at 4–5, 9–12, 15–18, 30–32 (M.D. Tenn. filed May 16, 2011).

Fourth, Plaintiffs' claims against New York State Unified Court System and Cholakis are barred by the Eleventh Amendment and the doctrine of absolute immunity. [17] Similarly, Plaintiffs' claims against Defendant Danaher are barred by the doctrine of qualified immunity (if not also the doctrine of absolute immunity). Moreover, Plaintiffs' Complaint does not allege facts plausibly

suggesting that Defendant Dalton is a state actor for purposes of 42 U.S.C. § 1983. Furthermore, Plaintiffs' Complaint does not allege facts plausibly suggesting the personal involvement of Defendants John and Jane Does 1–100 and ABC Corp's 1–100 in any of the violations alleged. (*See generally* Dkt. No. 1.) Finally, Plaintiffs' Complaint does not allege facts plausibly suggesting that Plaintiff Lorraine Deuel has standing to assert any claims in this action (or even that she bears any familial or custodial relationship to BMD). (*Id.*) [18] Simply stated, additional pleading defects plague Plaintiffs' claims against each of the Defendants in this action, as well as each of the claims asserted by Plaintiff Lorraine Deuel. As a result, this action is dismissed based also on this alternative ground.

[17]     The Court notes that, in their Objections and Complaint, Plaintiffs' acknowledge that (1) their claims against Defendant Cholakis are barred by the doctrine of absolute immunity, and (2) their claims against Defendant New York State Unified Court System are based on their claims against Defendant Cholakis (pursuant to the doctrine of respondeat superior). (Dkt. No. 5, at 6; Dkt. No. 1, at 31.)

[18]     The Court notes that Plaintiffs' argument in their Objections that Lorraine Deuel was a party to "a recent appellate decision" is simply not sufficient to state the claims in question. (Dkt. No. 5, at 6.)

Fifth, and finally, Plaintiffs' request for leave to amend their Complaint is denied because the numerous pleading defects in Plaintiff's Complaint are substantive rather than formal. [19] As a result, the Court sees no need to *sua sponte* grant Plaintiffs leave to amend those claims before it dismisses them. [20]

[19]     For example, lack of subject-matter jurisdiction and the expiration of the statute of limitations are substantive defects. *See U.S. ex rel. Phipps v. Comprehensive Comty. Dev. Corp.,* 152 F.Supp.2d 443, 455 (S.D.N.Y.2001) ("[I]t is not appropriate to grant Phipps's request [for leave to amend the Complaint] because the Court has determined that it does not have subject-matter jurisdiction over this action."); *Chan v. Reno,* 916 F.Supp. 1289, 1302 (S.D.N.Y.1996) ("An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. As will be discussed herein, [the proposed amended complaint] ... presents a non-

justiciable claim and fails to present this Court with subject matter jurisdiction. Therefore, because [the proposed amended complaint] would be subject to a successful motion to dismiss ..., amendment would be futile."); *Grace v. Rosenstock,* 228 F.3d 40, 53 (2d Cir.2000) ( "Amendment would likely be futile if ... the claims the plaintiff sought to add would be barred by the applicable statute of limitations."); *accord, In re WorldCom, Inc. Securities Litigation,* 303 F.Supp.2d 385, 390 (S.D.N.Y.2004).

[20]     *See Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (finding that denial of leave to amend is not abuse of discretion where amendment would be futile); *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993) ("Where it appears that granting leave to amend is unlikely to be productive, ... it is not an abuse of discretion to deny leave to amend.") (citations omitted); *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir.2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 48 (2d Cir.1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health–Chem Corp. v. Baker,* 915 F.2d 805, 810 (2d Cir.1990) ("[W]here ... there is no merit in the proposed amendments, leave to amend should be denied"); *Brown v. Peters,* 95–CV–1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept.22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.").

**ACCORDINGLY,** it is

**ORDERED** that Magistrate Judge Treece's Report–Recommendation (Dkt. No. 4) is ***ACCEPTED*** and ***ADOPTED*** in its entirety; and it is further

**ORDERED** that Plaintiffs' Complaint (Dkt. No. 1) is ***DISMISSED*** in its entirety.

*The Court certifies, for purposes of 28 U.S.C. § 1915(a) (3), that any appeal taken from this Decision and Order would not be taken in good faith.*

**All Citations**

Not Reported in F.Supp.2d, 2012 WL 235523

---

    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

**WESTLAW**  © 2018 Thomson Reuters. No claim to original U.S. Government Works.    9

2018 WL 3998024
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

Jeffrey L. EASON, Plaintiff,

v.

Janet DOE 1, Janet Doe 2, Jane Doe (Clarion Hotel),
John Doe 1, John Doe 2, John Doe 3, Defendants.

18-CV-1559(JS)(SIL)
|
Signed 08/21/2018

**Attorneys and Law Firms**

Jeffrey L. Eason, 164704, Suffolk County Correctional
Facility, 110 Center Drive, Riverhead, NY 11901, pro se.

No appearances for Defendants.

MEMORANDUM AND ORDER

JOANNA SEYBERT, U.S.D.J.

**\*1** On March 12, 2018, incarcerated pro se plaintiff
Jeffrey L. Eason ("Plaintiff") filed a Complaint in this
Court pursuant to 42 U.S.C. § 1983 ("Section 1983")
against six unidentified individuals, five of whom are
alleged to be New York State Parole Officers ("NYS
Parole Officers") and the other is alleged to be the
"hotel desk manager, clerk, or owner" of the Clarion
Hotel located in Ronkonkoma, New York ("Clarion
defendant"). Upon review of the declaration in support of
the application to proceed in forma pauperis, the Court
finds that Plaintiff is qualified to commence this action
without prepayment of the filing fee. See 28 U.S.C. §
1915(a)(1). Therefore, Plaintiff's request to proceed in
forma pauperis is GRANTED. However, for the reasons
that follow, the Complaint is sua sponte DISMISSED
pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b).

BACKGROUND

Plaintiff's brief Complaint is submitted on the Court's
Section 1983 complaint form and alleges, in its entirety:

On 12-12-17 at or between the
hours of 10 am to 12 pm I was
awoken with guns to my head and
forcibly handcuffed by 5 N.Y.S.
Parole Officers and detained. They
were allowed to enter by the hotel
staff of the Clarion Hotel looking
for a parolee. The room was rented
by me alone. Suffolk County police
was also called to check for warrants
and none was found and I was still
unlawfully imprisoned.

(Compl. ¶ II.) As a result of the foregoing, Plaintiff claims
he is unable to sleep and has anxiety, for which he seeks
to recover a damages award in total sum of $175,000.
(Compl. ¶¶ II.A.-III.)

DISCUSSION

I. In Forma Pauperis Application
Upon review of Plaintiff's declaration in support of the
application to proceed in forma pauperis, the Court finds
that Plaintiff is qualified to commence this action without
prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1).
Therefore, Plaintiff's request to proceed in forma pauperis
is GRANTED.

II. Application of 28 U.S.C. § 1915
Section 1915 of Title 28 requires a district court to dismiss
an in forma pauperis complaint if the action is frivolous
or malicious, fails to state a claim upon which relief may
be granted, or seeks monetary relief against a defendant
who is immune from such relief. See 28 U.S.C. §§ 1915(e)
(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss
the action as soon as it makes such a determination. See
id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se
plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant,
537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis,
357 F.3d 197, 200 (2d Cir. 2004). However, a complaint
must plead sufficient facts to "state a claim to relief that
is plausible on its face." Bell Atl. Corp. v. Twombly, 550
U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L.Ed. 2d 929
(2007). "A claim has facial plausibility when the plaintiff
pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (citation omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While " 'detailed factual allegations' " are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

## III. Immunity

**\*2** Plaintiff names five unidentified individuals who are alleged to be parole officers employed by the New York State Division of Parole and seeks to recover a monetary award against the New York State Division of Parole. (Compl. ¶ III.) Because Plaintiff seeks to recover a monetary award against these Defendants in their official capacities, they are immune from suit under the Eleventh Amendment. Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct. 2932, 2939, 92 L.Ed. 2d 209 (1986); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100, 104 S. Ct. 900, 906-08, 79 L.Ed. 2d 67 (1984).

The Eleventh Amendment bars suits brought by a state's own citizens in federal court. Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (citing Alden v. Maine, 527 U.S. 706, 712, 119 S. Ct. 2240, 2246, 144 L.Ed. 2d 636 (1999) ). It is well-established that, as an agency or arm of the State of New York, the New York State Board of Parole, Division of Parole, is immune from suit under the Eleventh Amendment. See Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105, 87 L.Ed. 2d 114 (1985); Stone v. N.Y. City Dept. of Homeless Servs., 159 Fed.Appx. 324 (2d Cir. 2005) (affirming dismissal of Section 1983 claim against the New York State Division of Parole as barred by the Eleventh Amendment); Garcia v. Div. of Parole Exec. Dept., No. 09-CV-2045, 2009 WL 2392160, at *1 (E.D.N.Y. August 3, 2009) (state agencies such as the Division of Parole " 'are entitled to assert the state's Eleventh Amendment immunity where, for practical purposes, the agency is the alter ego of the state and the state is the real party in interest.' ") (quoting Santiago v. N.Y.S. Dep't of Corr. Serv., 945 F.2d 25, 28 n. 1 (2d Cir. 1991) ). The Supreme Court instructs that the Eleventh Amendment gives a state government immunity from suit, not just from liability. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy,

506 U.S. 139, 144, 113 S. Ct. 684, 687, 121 L.Ed. 2d 605 (1993) (citation omitted).

Plaintiff's claims for damages against the state employees sued in their official capacities are barred by the Eleventh Amendment. Graham, 473 U.S. at 165-167, and n. 14, (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); Darcy v. Lippman, 356 Fed.Appx. 434, 436-37 (2d Cir. 2009) ("Eleventh Amendment likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities."). As such, Plaintiff's claims against these Defendants sued in their official capacities are barred by the Eleventh Amendment to the Constitution, Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 268, 117 S. Ct. 2028, 2033, 138 L.Ed. 2d 438 (1997), and are thus DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A(b). [1]

---

[1]    The Court notes that the Plaintiff's Section 1983 claims against NYS Parole Officers in their official capacities must be dismissed for the additional reason that "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983." Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L.Ed. 2d 45 (1989).

## IV. Section 1983

Section provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

**\*3** 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. Cty. of Suffolk, No. 07-CV-2138, 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999) ).

It is well-established that Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.' " Hooda v. Brookhaven Nat'l Lab., 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 837, 102 S. Ct. 2764, 2769, 73 L.Ed. 2d 418 (1982) ). Accordingly, "a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." Flagg v. Yonkers Sav. & Loan Ass'n, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted); Fabrikant v. French, 691 F.3d 193, 206 (2d Cir. 2012) ("A plaintiff pressing a claim of violation of his constitutional rights under Section 1983 is ... required to show state action." (internal quotation marks and citation omitted). Indeed, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 977, 985, 143 L.Ed. 2d 130 (1999) (internal quotation marks and citation omitted).

Here, as is readily apparent, insofar as Plaintiff seeks to impose Section 1983 liability upon a purely private person —the Clarion defendant—such claim is implausible. Because Section 1983 liability does not extend to private actors, [2] Plaintiff's Section 1983 claim against the Clarion defendant is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b).

---

[2]   Although not alleged here, private actors may be considered to be acting under the color of state law for purposes of § 1983 if the private actor was " '[a] willful participant in joint activity with the State or its agents' " or "conspire[d] with a state actor to violate a plaintiff's constitutional rights." Ciambriello v. Cty. of Nassau, 292 F.3d 307, 323-24 (2d Cir. 2002)

(quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 1606, 26 L.Ed. 2d 142 (1970) ).

## V. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED. However, Plaintiff may pursue any valid claims he may have against the Defendants in state court.

## CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however the Complaint is sua sponte DISMISSED WITH PREJUDICE for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii), 1915A (b)(1).

**\*4**   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L.Ed. 2d 21 (1962).

SO ORDERED.

**All Citations**

Slip Copy, 2018 WL 3998024

---